Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8934 | **DATE** | 7/21/2004 |
| **CASE TITLE** | Multiple Listing Service vs. Amerihall of IL | | |

| MOTION: | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] |
|---|---|
| | |

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the plaintiff's motion to dismiss the counterclaim pursuant to FRCP 12(b)(6) is denied. Enter Memorandum Opinion.

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 2 2 2004 | 28 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUL 21 PM 5:27 | | |
| MW6 | courtroom deputy's initials | FILED-BOX Date/time received in central Clerk's Office | date mailed notice    mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MULTIPLE LISTING SERVICE OF, )
NORTHERN ILLINOIS, INC., an )
Illinois corporation, )
)
    Plaintiff/Counter-Defendant, )
)
    v. )   No. 03 C 8934
)
AMERIHALL OF ILLINOIS, LLC., )
an Illinois limited liability company, )
and DAVID HALL, )
)
    Defendant/Counter-Plaintiffs. )

DOCKETED
JUL 2 2 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff/Counter-Defendant the Multiple Listing Service of Northern Illinois, Inc.'s ("MLS") motion to dismiss the counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reason stated below we deny the motion to dismiss the counterclaim.

## BACKGROUND

Defendant/Counter-Plaintiffs Amerihall of Illinois, LLC and Defendant David Hall ("Hall") (collectively "Amerihall") alleged that MLS maintains a multiple

1



listing service that provides real estate listing information to licensed real estate brokers and sales agents in the Chicago and Northern Illinois geographic region. Amerihall also alleges that it provides a unique brokerage structure which allows it to provide brokerage services and support to its agents for a nominal fee while allowing its agents to keep almost of their commissions. Hall is the president and owner of Amerihall. Amerihall is a participant in MLS and Hall is a subscriber to MLS. As a participant and subscriber, Amerihall and Hall admit that they are bound by the MLS Rules and Regulations.

Amerihall alleged that MLS has a unique and monopolistic position in the real estate industry in the Northern Illinois market because it has no direct competitors to the services and information MLS provides to real estate professionals. According to Amerihall, since its inception Amerihall has attempted to enter this market but MLS has prevented them from doing so. Amerihall contends that MLS's promulgation of Rule 10.8, as amended, prohibits any MLS participant or subscriber from using the email addresses of other MLS participants and subscribers that are contained in MLS's copyrighted real estate information database and the rule further prohibits sending to such participants or subscribers unsolicited electronic mail messages containing job recruitment notices or other advertisements. Amerihall alleges that this rule is unreasonable and was implemented for no justifiable purpose other than to restrict Amerihall's efforts to conduct their business and compete with MLS.

As a result of these allegations, Amerihall as the Counter-Plaintiff brought a two count complaint against MLS in its counterclaim. Count I alleges that MLS violated the prohibitions on monopolization contained in Section 2 of the Sherman Act, 15 U.S.C. § 2, when it enforced against Amerihall Section 10.8 of its Rules and Regulations. Count II requests a declaration that MLS has restrained trade as alleged in Count I by enforcing Rule 10.8 of its Rules and Regulations against Amerihall. MLS has moved to dismiss both Counts I and II of the counterclaim.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the

claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67

## DISCUSSION

In Count I of the counterclaim, Amerihall alleges a violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 which states as follows:

> Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $10,000,000 if a corporation, or, if any other person, $350,000, or by imprisonment not exceeding three years, or by both said punishments, in the discretion of the court.

15 U.S.C. § 2. Section 2 of the Sherman act "makes it unlawful to monopolize, to attempt to monopolize, or to conspire to monopolize." *Goldwasser v. Ameritech Corp.*, 222 F.3d 390, 396 (7th Cir. 2000).

Private parties are authorized to bring civil actions "to enforce the Sherman Act" pursuant to "§ 4 of the Clayton Act, 15 U.S.C. § 15." *Sanner v. Board of Trade of City of Chicago*, 62 F.3d 918, 926-27 (7th Cir. 1995). The Clayton Act provides

4

that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue . . . ." 15 U.S.C. § 15. However, to bring such an action a private plaintiff must show more than "injuries that might conceivably be traced to an anti-trust violation." *Sanner*, 62 F.3d at 926 -27. The purpose of the Sherman Act was "to assure customers the benefits of price competition, and . . . protect[ ] the economic freedom of participants in the relevant market." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596-97 (7th Cir. 1995)(quoting *Associated Gen. Contractors,* 459 U.S. at 538). The reason for limiting the application of antritrust law to privately brought actions is to "filter out complaints by competitors and others who may be hurt by productive efficiencies, higher output, and lower prices, all of which the antitrust laws are designed to encourage" and "[a] plaintiff who wants something, such as less competition or higher prices, that would injure consumers, does not suffer antitrust injury." *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 627 (7th Cir. 2003).

Therefore, a private plaintiff bringing an antitrust claim is required to show "a direct link between the antitrust violation and the antitrust injury." *See Sanner*, 62 F.3d at 926 -27 (considering six factors to address causal connection). The plaintiff in an antitrust action must show that: 1) it "suffered an antitrust injury," and 2) the plaintiff is "the proper plaintiffs to maintain an antitrust action with respect to each of these markets." *Serfecz*, 67 F.3d at 596. For a monopoly claim brought under Section 2 of the Sherman Act a plaintiff must show: "(1) the possession of monopoly

5

power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *Endsley v. City of Chicago*, 230 F.3d 276, 282 (7th Cir. 2000)(quoting *Eastman Kodak Co. v. Image Technical Servs*, 504 U.S. 451, 481 (1992)); *Goldwasser v. Ameritech Corp.*, 222 F.3d at 397.

MLS attacks Count I of the counterclaim element by element arguing first that Amerihall has not alleged sufficient facts regarding element one and second that Amerihall has not alleged sufficient facts concerning element two. However, in making such arguments MLS fails to understand the notice pleading standard for federal courts which requires a plaintiff only to allege the "operative facts" rather than all the pertinent facts. *Kyle,* 144 F.3d at 454-55. The Seventh Circuit has made it clear that there "is no requirement in federal suits of pleading the facts or the elements of a claim, with the exceptions . . . listed in Rule 9 . . .[and thus] it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson,* 288 F.3d 1005, 1007 (7th Cir. 2002). *See also Head v. Chicago School Reform Bd. of Trustees,* 225 F.3d 794, 801 (7th Cir. 2000)(stating that the plaintiff was not required under the notice pleading standard to "pleaded sufficient facts to establish the legal elements of his claim."); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses

are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). Amerihall provided MLS with notice of exactly how MLS is alleged to have excluded others from the market. Amerihall alleges that MLS used its customer rules regarding e-mails to prevent others from entering the same market.

In its motion to dismiss the counter-claim MLS attempts to argue the merits of its position and attempts to draw the court into an analysis that is far beyond the spectrum of a proper inquiry for a motion to dismiss. Thus, the motion to dismiss is premature at this juncture. There are sufficient allegations for the court to infer that MLS has a monopoly in a certain isolated market and that MLS utilized that position to exclude Amerihall's entrance into the market.

The only argument presented by MLS that is applicable for a motion to dismiss is that it cannot be considered a competitor of Amerihall because they do not provide the same types of services and are not in the same market. MLS argues that Amerihall alleges that it provides real estate brokerage services and that Amerihall concedes that MLS does not provide such services. Amerihall alleges that MLS provides real estate listing information and concedes that MLS is not in the real estate brokerage business. MLS thus argues that it cannot be a competitor of Amerihall since they operate in completely separate markets.

Even though Amerihall is not entirely clear as to exactly what market Amerihall is being excluded from by MLS, we are required to draw all inferences in MLS' favor at this juncture. *Thompson*, 300 F.3d at 753. We can infer from the

allegations in the counterclaim that Amerihall contends that it is being excluded from entrance into the business of providing listing information rather than being excluded from the real estate brokerage business. Amerihall in fact makes this clear on page 5 of its answer to the instant motion when Amerihall describes the services provided by MLS and states: "This is the exact market Amerihall is attempting to enter, but has been and continues to be denied entry to by MLSNI and its monopolistic control and unjustifiable actions." (Ans 5). Therefore, MLS's argument is without merit as it incorrectly relies upon inferences made in its favor and fails to acknowledge that the allegations make out a claim. *See Conley,* 355 U.S. at 45-46 (holding that the allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). We are not ruling at this juncture whether Amerihall has or has not met its burden of proving any of the aspects of the counterclaim. We merely hold that MLS's arguments are premature at this juncture.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to dismiss the counterclaim.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 21, 2004

8